# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

MAXINE R. RICHTER,
TRUDY BOGERT, on behalf of themselves
and all others similarly situated,

        Plaintiff,

vs.                              Case No. 06-Misc.-011

                                  (C.D. Cal. Case No.
                                    CV 05-498 ABC (PJWx))

MUTUAL OF OMAHA INSURANCE COMPANY,

        Defendant.

FORTIS INSURANCE COMPANY k/n/a
TIME INSURANCE COMPANY,

        Movant.

## DECISION AND ORDER

        Movant Fortis Insurance Company k/n/a Time Insurance Company ("Fortis") seeks to quash the Court's subpoena dated January 18, 2006, for the production of certain records on February 17, 2006. The subpoena, issued at the behest of the class plaintiffs, Maxine R. Richter and Trudy Bogert ("Richter"), on behalf of each other and all others similarly situated, seeks Fortis's production of three categories of documents and data provided by defendant Mutual of Omaha Insurance Company ("Omaha") in response to Fortis's due diligence request for "Project

Jayhawk." Specifically, Richter seeks Category C ("Actuarial"), Category F ("Product and Underwriting Information") and Category I ("Legal and Regulatory") documents and data which Omaha provided Fortis in response to Clark Merkley's ("Merkley") November 15, 2005, email to Mike Huss ("Huss") entitled "Due Diligence Request."

The subpoena seeks to discover information relevant to *Richter v. Mutual of Omaha Insurance Company*, Case No. CV 05-498 ABC (PJWx) (C.D. Cal.), a class action which includes all Californians insured on a date certain under group insurance polices subsequently terminated by Omaha. Richter alleges that Omaha violated California law due to its improper notice of termination and failure to provide conversion coverage as required for group insurance policies. The subpoenaed documents were previously provided by Omaha to Fortis as a part of an agreement between the two companies to permit Fortis to offer individual insurance to terminated Omaha customers Fortis deemed acceptable risks.

Moving to quash the subpoena pursuant to Civil L.R. 7.1 (E.D. Wis.) and Fed. R. Civ. P. 45(c), Fortis asserts that Richter's requests are overly broad, unduly burdensome and expensive to produce, not reasonably calculated to lead to the discovery of admissible evidence, and more easily obtained from another source.[1] Fortis maintains that Richter should be required to make a showing of substantial need to obtain the information from it, rather than Omaha which is a party to the California federal class action. Fortis proffers the affidavit of David N. Tulbert

---

[1]Contrary to Civil L.R. 7.1(a) (E.D. Wis.), Fortis has not provided a brief or a certificate stating that no brief will be filed. Under the rule, Fortis's motion could be denied as a matter of course.

–2–

("Tulbert"), Fortis's Legal Vice President of Contracts and Corporate Initiative. Tulbert was involved in the transaction at issue and the due diligence study.[2]

Richter opposes the motion. Richter also submits the declaration of plaintiffs' counsel, Sherrill Neil Babcock ("Babcock") (Babcock Decl. I).

Fortis, with its reply, proffers the affidavit of Patrick L. Wells ("Wells"), counsel for Fortis. Wells avers that counsel for Omaha provided him with copies of certain of Omaha's discovery responses and also informed Wells that Omaha produced documents which would have included the "class of documents" sought by Richter's subpoena, and that Omaha produced over 55,000 documents to the California federal class action. (Wells Aff. ¶¶ 3-4.)

Richter objects to Wells's affidavit as containing speculation and relating hearsay regarding documents produced by Omaha. Richter also proffers a March 26, 2005, declaration of Babcock (Babcock Decl. II) in support of that objection.

*Analysis*

Rule 45(a) of the Federal Rules of Civil Procedure allows for the issuance of subpoenas to produce documents and other tangible things in the custody or control of a person.

---

[2]Tulbert avers that the information requested is proprietary and confidential because the materials were exchanged pursuant to a confidentiality agreement. He also states that the Category C ("Actuarial") materials contain reserving information and actuarial formulas or analysis particular to Omaha and therefore is proprietary and that the Category F ("Product and Underwriting Information") would also be proprietary as it is industry standard for each company to develop its own product forms and underwriting systems. Talbert also states that some materials may contain health information of insureds and would be considered "protected health information" under the Health Insurance Portability and Accountability Act ("HIPPA") of 1996, 42 U.S.C. § 1320d to d-8. Talbert states that Fortis is a "covered entity" under HIPPA and cannot release such information absent the appropriate authorizations or protections.

Further, Talbert avers that any materials received from Omaha pursuant to the due diligence request would have been copies, not originals. Therefore, there is no reason they cannot be obtained through ordinary discovery means from Omaha in the underlying lawsuit. Talbert also states that the materials requested "may" be burdensome and expensive to produce, because Fortis would have to expend time and resources to determine the documents that it has maintained since the conclusion of the due diligence process. Fortis cannot state the nature and quantity of the documents it has maintained given the passage of time, the number of people involved in the due diligence process, and document retention guidelines.

The scope of discovery obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules. *See* Fed.R.Civ.P. 45 Advisory Committee Note to the 1991 Amendment. *See also, Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 253-54 (S.D. Ind. 2002).

Federal Rule of Civil Procedure 26(b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." Information is relevant for purposes of Rule 26 "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "The test for relevance in the discovery area is an extremely broad one." *AM Int'l Inc. v. Eastman Kodak Co.*, 100 F.R.D. 255, 257 (C.D. Ill. 1981). However, a court may limit discovery if, for example, it determines that it is unreasonably cumulative or duplicative, obtainable from another source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ.P. 26(b)(2); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002)

Under Federal Rule of Civil Procedure 45(c)(1)(B), subject to paragraph (d)(2) of the Rule, a party commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials. Rule 45(c) provides that upon "timely motion," the court by which a subpoena was issued shall quash or modify the subpoena, for various reasons, including that the subpoena requires disclosure of privileged or

otherwise protected material and no exception or waiver applies, or it subjects a person to undue burden.

The party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome, or not relevant. *Graham*, 206 F.R.D. at 254. To meet this burden, the objecting party must "specifically detail the reasons why each [request] is irrelevant . . . ." *Id.* (quoting *Schaap v. Executive Indus., Inc.*, 130 F.R.D. 384, 387 (N.D. Ill. 1990).

Richter served the subpoena upon Fortis on January 20, 2006. (Babcock Decl. I, ¶ 4.) Omaha also was served with notice of the subpoena for production from Fortis. (*Id.* ¶ 5.) On February 9, 2006, Fortis transmitted, by facsimile, a single page letter to Richter stating that it objected to the subpoena "in its entirety." (*Id.* ¶ 7, Ex. 7.) The letter indicates that Fortis believes that the documents can be obtained from Omaha, and "the request is overbroad, unduly burdensome and expensive and may involve documents which are confidential, proprietary or privileged." (*Id.*) Omaha has not objected to the subpoena. (*Id.* ¶ 6.)

Fortis's objection was served upon Richter 19 days after the service of the subpoena. According to Rule 45(c)(2)(B), a non-party served with a subpoena requesting the production of documents pursuant to a subpoena must serve any objection in writing to the requesting party's counsel within 14 days of service. Fortis's objection was filed four days late. Consequently, Fortis's objection to the subpoena is deemed waived under Federal Rule of Civil Procedure 45(c)(2)(B). *See Wang v. Hsu,* 919 F.2d 130, 131 (10th Cir.1990) (district court did not abuse its discretion in denying motion for protective order when witness failed to make timely written objection); *Angell v. Shawmut Bank Conn. Nat. Ass'n.*, 153 F.R.D. 585, 590 (M.D. N.C.

1994) (strictly construing Rule 45(c)(2)(B)'s 14-day time limit in that "failure to timely file an objection will result in waiver of the right to object to enforcement of the subpoena"). *But see Blaw Knox Corp. v. AMR Indus.*, 130 F.R.D. 400, 402-03 (E.D. Wis. 1990).

Moreover, with respect to its assertion of privilege, Fed. R. Civ. P. 45(d)(2) requires that the claim of privilege "shall be made expressly and shall be supported by a description of the nature of the documents . . . not produced that is sufficient to enable the demanding party to contest the claim." Fortis has not complied with the requirement and thus, has also waived any claim of privilege.[3] *See Minn. Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co. of Wausau*, 183 F.R.D. 627, 630 (N.D. Ill. 1999).

Even if Fortis did not waive its objections to the subpoena, it has not met its burden to show that the materials sought are not subject to production. The definition of relevant materials subject to discovery is extremely broad. The materials themselves need not be admissible, but only need be likely to lead to the discovery of admissible evidence. Fortis does not provide any explanation why it believes the subpoenaed materials are not relevant.

Further, Talbert's statement that the discovery request is overly broad is conclusory. Richter seeks relevant materials which Fortis request from Omaha. The materials are relevant to the issues in the California federal class action.

While Fortis claims producing the materials may be burdensome and expensive, that claim is speculative. There is no indication that Fortis has made any attempt to locate the documents, assess their quantity, whereabouts, or current form.

---

[3] Given this waiver, the Court will not address whether Fortis had any arguable privilege in the materials sought.

Moreover, Richter's attempts to obtain the subpoenaed documents directly from Omaha have failed. Information, hearsay as it is, about the number of pages produced by Omaha or that those documents include the "class of documents," (hedging on whether the documents are actually included), is irrelevant. Additionally, to the extent that any protected HIPPA information is contained in documents subject to production, it may be redacted or other appropriate action taken. Based on the foregoing, Fortis's motion to quash is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Fortis's motion to quash is **DENIED**. Fortis **SHALL** produce the subpoenaed documents **no later than May 19, 2006** at the place and in the manner designated by the subpoena.

Dated at Milwaukee, Wisconsin this 5th day of May, 2006.

**BY THE COURT**


 s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**